IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Mayfield, | ) | C/A No. 0:10-1203-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Richard Mayfield ("Mayfield"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 11.) Mayfield filed a response in opposition to the respondent's motion and a motion for a hearing. (ECF No. 14.) Having carefully considered the parties' submissions and the record in this case, the court finds that Mayfield's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Mayfield was indicted in April 2001 in Sumter County for three counts of burglary in the first degree; three counts of criminal sexual conduct ("CSC"), first degree; and three counts of CSC with a minor, second degree (01-GS-43-274). (ECF No. 10-1 at 1-5.) Mayfield was represented by Joseph Spigner, Esquire, and on April 15, 2002 the circuit court sentenced Mayfield to thirty years' imprisonment for one count of burglary in the first degree and thirty years' imprisonment for one

count of CSC in the first degree. (ECF No. 10-2.) Both sentences were to be served concurrently to one another, but consecutively to a prior sentence of three years' imprisonment. (ECF Nos. 10-2 & 10-3.) Mayfield did not file a direct appeal.

On July 29, 2009, Mayfield filed a *pro se* application for post-conviction relief ("PCR"). (Mayfield v. State of South Carolina, 09-CP-43-1727, ECF No. 10-4.) The State filed a return and motion to dismiss. (ECF No. 10-8.) On October 6, 2009, the court issued a conditional order of dismissal in which it noted its intent to dismiss Mayfield's PCR application as untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 10-9.) Mayfield responded to the conditional order. (ECF No. 10-10.) A final order of dismissal was filed on February 25, 2010. (ECF No. 10-11.)

Mayfield filed a *pro se* appeal along with an explanation as to why the decision of the lower court was improper pursuant to Rule 243(c) of the South Carolina Appellate Court Rules. (ECF No. 10-12.) On March 29, 2010, the South Carolina Supreme Court dismissed Mayfield's appeal. (ECF No. 10-13.) The remittitur was issued on April 15, 2010. (ECF No. 10-14.) Mayfield attempted to file a petition for rehearing. (ECF No. 10-15.) However, this document was not received by the court within the time period established by South Carolina Appellate Court Rule 221(a), and thus was not timely filed. (Clerk of Court April 19, 2010 Letter, ECF No. 10-16.) Mayfield filed the instant petition for a writ of habeas corpus on May 6, 2010. (ECF No. 1.)

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Mayfield's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mayfield's conviction became final ten days after April 15, 2002, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.") Thus, his conviction became final on April 25, 2002. Accordingly, the limitations period began to run on April 26, 2002 and expired on April 25, 2003, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Mayfield filed a state PCR application on July 29, 2009; however, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Mayfield's statutory deadline expired on April 25, 2003.

Mayfield's federal Petition was filed on May 6, 2010. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Mayfield filed his federal habeas Petition over seven years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

### C. Mayfield's Arguments

In response to the respondent's motion for summary judgment Mayfield extensively argues the merits of his Petition. However, Mayfield also addresses the respondent's statue of limitations argument in his Petition as well as in his opposition response and motion requesting an evidentiary hearing. (ECF Nos. 1 & 14.) In his Petition, Mayfield argues that "no plea of guilty, not guilty, or nolo contendre was entered by the court" and, as a result, the one-year statute of limitations does not apply because a "judgement [*sic*] of conviction was never finalized because one never existed." (ECF No. 1 at 15.) Mayfield's argument appears to be based upon the circuit judge's failure to check several boxes on his sentencing sheet, such as "plea" or "trial" and "convicted of" or "pleads," which he contends supports his argument that he did not actually plead guilty to the charges and that the judgment is therefore void.

The record in this matter reveals that a judgment was entered and that Mayfield's argument essentially attacks the merits of the guilty plea. It is undisputed that an order was entered on April 15, 2002 sentencing Mayfield to thirty years' confinement for one count of first degree burglary and one count of CSC first, both as indicted, and that Mayfield did not file a direct appeal. Further, the court observes that Mayfield's signature appears on both of these sentencing sheets. (ECF No. 10-2.) Therefore, contrary to Mayfield's assertion, he cannot demonstrate that his convictions did not become final on April 25, 2002. Accordingly, Mayfield's Petition is untimely and barred from federal review.

Moreover, Mayfield did not seek collateral review of his convictions until over seven years after they became final. Therefore, he cannot demonstrate that he is entitled to equitable tolling, as there is no indication that he has been pursuing his rights diligently. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Under long-established principles, petitioner's lack of diligence

*PJG*

precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

### RECOMMENDATION

Based upon the foregoing, the court finds that Mayfield's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 9) be granted and that Mayfield's motion for an evidentiary hearing (ECF No. 14) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).