UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Mayfield, | ) | C/A No. 0:10-1203-JFA-PJG |
| Petitioner, | ) | |
| v. | ) | ORDER |
| Leroy Cartledge, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Richard Mayfield, brings this action pursuant to 28 U.S.C. § 2254. He is an inmate with the South Carolina Department of Corrections. In his petition, Mayfield challenges the South Carolina Supreme Court's ruling in his state criminal case.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation and he has timely done so.

The petitioner asserts numerous errors in his state criminal and post-conviction relief proceedings including that he refused to plead guilty to state charges; that he did not receive a jury trial; and that the trial judge imposed a sentence anyway. The plaintiff was sentenced to a 30-year sentence for burglary and a concurrent 30-year sentence for first degree criminal sexual conduct.

The respondent contends that Mayfield's petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Mayfield's state conviction became final on April 25, 2002. Therefore, under the AEDPA one-year limitations period, Mayfield had until April 26, 2003 to file a habeas petition unless the period was any time tolled for a properly filed state PCR application.

Mayfield filed a state PCR application on July 29, 2009, way beyond the one-year statutory deadline. As the Magistrate Judge correctly notes, even if Mayfield's petition had been filed before the expiration of the AEDPA deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Mayfield's § 2254 petition was filed in this court on May 6, 2010, more than seven

years after the expiration of the one-year statute of limitations.

The petitioner argues that because he did not plea guilty in state court, a judgment was never finalized and therefore, the statute of limitations does not apply.

The Magistrate Judge notes in her Report that petitioner's argument appears to be based upon the circuit judge's failure to check several boxes on his sentencing sheet, such as "plea" or "trial" and "convicted of" or "pleads," which petitioner contends supports his argument that he did not actually plead guilty to the charges and his judgment is therefore void.

To the contrary, the Magistrate Judge notes that the record reveals that a judgment was entered on April 15, 2002, and Mayfield's signature appears on both sentencing sheets. Therefore, petitioner cannot demonstrate that his convictions did not become final on April 25, 2002. Moreover, he did not file a direct appeal of his conviction nor did he seek collateral review until more than seven years after they became final.

The Magistrate Judge properly opines that the petition is untimely, barred by federal review, and that the petitioner cannot demonstrate that he is entitled to any equitable tolling because he has not diligently pursued his rights. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

The petitioner's objections are without merit and are thus overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly,

the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.[3]

The petitioner's motion for "Expunction Order" is denied because the petitioner has not first sought expungement in the state courts.

IT IS SO ORDERED.

November 30, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).